Filed 7/17/14  P. v. Masiel CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059724 |
| v. | (Super.Ct.No. SWF1102764) |
| JAMES CRAIG MASIEL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas Glasser, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Richard Glen Boire, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant James Craig Masiel appeals after he was convicted of drug possession and resisting arrest offenses. Defendant was sentenced to 10 years 8 months in prison. We affirm.

FACTS AND PROCEDURAL HISTORY

Deputy James King of the Riverside County Sheriff's Department conducted a traffic stop on a vehicle that defendant was driving. Defendant pulled into a driveway, got out of the car, and ran away. Deputy King gave chase into the backyard of a residence, over a fence, into another yard, and then between houses. Defendant slipped and fell during the chase. Deputy King tried to hold defendant down with his knee and to secure defendant's arms, but defendant rolled away and stood up again. As Deputy King tried to get control of defendant's hands, defendant shoved the deputy into the wall of a house. Deputy King recovered his balance and pushed defendant back toward the side yard. Defendant slipped out of his jacket as he continued to struggle with Deputy King, and ran away through the side yard toward the front of the house and the street.

As defendant ran away, Deputy King saw him reach toward his waistband. Deputy King drew his weapon, ordered defendant to stop and to show his hands, and threatened to shoot. Defendant continued running across the street; Deputy King holstered his gun and resumed the foot chase. Deputy King caught up to within 10 feet of defendant and fired his taser. The taser caused defendant to become stiff and fall forward onto the driveway of the residence across the street. When the taser charge ceased, after about five seconds, defendant rolled partially under a vehicle parked in the driveway.

Deputy King could see defendant moving his hands, manipulating something underneath the car.

Deputy King ordered defendant several times to show his hands. Defendant complied momentarily, but then pulled his hands underneath the car again. Deputy King called for backup. Defendant moved his hands from his waistband or the area of his pants to a place up underneath the car.

At that point, two other civilians, a man and a woman, drove up in a truck, got out, and started calling to defendant; they also yelled at the officer to let defendant go. The man and the woman moved in different directions. Concerned that he was being outflanked, Deputy King placed himself so that he could see everyone, drew his gun, and radioed for help.

When backup officers arrived, the two civilians were detained and defendant was finally taken into custody. Underneath the vehicle where defendant had been hiding, officers found a cigarette pack with two small plastic baggies tucked inside the outer wrapper. In the undercarriage beneath the engine compartment, officers also found a sunglasses case containing syringes, baggies, and some brown cotton balls. In a dirt planter on the driveway, about a foot from where defendant had been lying, the officers discovered a glass pipe wrapped in a washcloth. One of the baggies inside the cigarette package appeared to contain heroin; the other contained what looked like methamphetamine. Each baggie weighed .3 grams, with packaging. Deputy King opined

3

that the amount of each substance, heroin and methamphetamine, was a useable quantity. Laboratory testing later confirmed the substances as heroin and methamphetamine.

Defendant was ultimately tried on charges of possession of heroin (Health & Saf. Code, § 11350, subd. (a), count 1), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a), count 2), and resisting arrest (Pen. Code, § 69, count 3). A fourth count, for possession of ammunition by a felon, was charged, but later dismissed. The information also alleged that defendant had suffered four prior prison terms, and two prior strike convictions.

At one point, defendant entered a guilty plea and admitted the prison term priors, and one strike prior, in exchange for a sentence capped at 12 years 8 months. He later withdrew that plea and went to trial.

A jury found defendant guilty of all three counts. Defendant waived trial on the priors, and admitted four prior prison terms and two strike priors. The court declined defendant's invitation to exercise its discretion to dismiss one of the strike priors. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) The court sentenced defendant to a term of four years (two years, doubled) on count 1, with a consecutive term of one year four months (eight months, doubled) on count 2, and another consecutive term of one year four months (eight months, doubled) on count 3. The court imposed a one-year enhancement for each of defendant's four prison term prior offenses, for a total aggregate term of 10 years 8 months.

Defendant filed a timely notice of appeal.

ANALYSIS

This court appointed counsel to represent defendant on appeal. Counsel has now filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a brief summary of the facts and a statement of the case. Counsel has asked this court to review the record independently to determine whether there are any arguable issues on appeal.

Defendant has been advised that he has the right to file a personal supplemental brief, which he has not done.

Appointed counsel has suggested some potentially arguable issues—whether the trial court gave sufficient reasons for imposing consecutive terms (the court found an aggravating circumstance), whether the trial court abused its discretion in declining to dismiss one or both of defendant's strike priors (the priors were old, but defendant had not led a blameless life so as to put himself outside the three strikes recidivism scheme), whether trial counsel was ineffective for failing to make certain evidentiary objections—but our examination of the record has satisfied us that no arguable issues are presented.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

KING
J.

CODRINGTON
J.